ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ALEJANDRO TORRES PÉREZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN<br><br>Recurrido | **KLRA202300451** | *REVISIÓN ADMINISTRATIVA* procedente de San Juan<br><br>Caso Núm.: CUCB-11-23<br><br>Sobre: Ley 85-2022 Corrección Hoja de Liquidación de Sentencia |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de octubre de 2023.

Comparece ante este foro el Sr. Alejandro Torres Pérez (señor Torres o "el recurrente") y nos solicita que revisemos la *Respuesta al Miembro de la Población Correccional* emitida por la División de Remedios Administrativos (DRA) del Departamento de Corrección y Rehabilitación (el Departamento o "agencia recurrida"), la cual fue notificada el 28 de junio de 2023. Mediante esta, la DRA le informó al señor Torres que bajo las instrucciones impartidas para la aplicación de la Ley Núm. 85-2022 no se puede computar la *Sentencia* restante hasta el tiempo que cumplió la *Sentencia* de diez (10) años por el Artículo 5.04 de la Ley de Armas, debido a que, dicho delito había sido eliminado de la *Hoja de Liquidación de Sentencia*.

Por los fundamentos que exponemos a continuación, **REVOCAMOS** el dictamen administrativo recurrido.

-I-

El señor Torres se encuentra bajo la custodia del Departamento desde el 27 de marzo de 2012, cuando ingresó

como sumariado, y donde actualmente extingue una condena por los siguientes delitos: veinticinco (25) años por infracción al Artículo 106 del Código Penal de 2004, reclasificado a segundo grado a cumplirse consecutivos entre sí y consecutivos con la Ley de Armas; tres (3) años por infracción al Artículo 249 del Código Penal de 2004, para un total de veintiocho (28) años; cinco (5) años por infracción al Artículo 5.04 de la Ley de Armas que se duplica en virtud del Artículo 7.03 de la Ley de Armas, para un total de diez (10) años; dos (2) años y seis (6) meses que se duplican en virtud del Artículo 7.03 de la Ley de Armas, para un total de cinco (5) años por infracción al Artículo 5.10 de la Ley de Armas, reclasificado al Artículo 5.15 de la Ley de Armas, y dos (2) años y seis (6) meses que se duplican en virtud del Artículo 7.03 de la Ley de Armas para un total de cinco (5) años por infracción al Artículo 5.15 de la Ley de Armas.[1]  La *Sentencia* dictada el **17 de enero de 2013**, asciende a cuarenta y ocho (48) años de cárcel.

Conforme surge del expediente, el 4 de diciembre de 2020, le fue notificado al señor Torres su *Hoja de Liquidación de Sentencia* la cual establecía que la fecha en que cumplía el mínimo de *Sentencia* era el **14 de noviembre de 2035**.[2]  Posteriormente, el 21 de marzo de 2023, le notificaron en su *Hoja de Control sobre Liquidación de Sentencias* que el mínimo de *Sentencia* lo cumpliría el **21 de septiembre de 2028**, puesto que le aplicaba la Ley Núm. 85-2022.[3]  Sin embargo, el recurrente sostiene que la notificación establecía que

---

[1] *Sentencia*, anejos I-II, págs. 1-3 del apéndice del recurso.
[2] *Hoja Control Sobre Liquidación de Sentencia*, anejo III, pág. 4 del apéndice del recurso.
[3] *Hoja Control Sobre Liquidación de Sentencia*, anejo IV, pág. 5 del apéndice del recurso.

comenzó a cumplir *Sentencia* desde el **21 de marzo de 2022**, cuando realmente fue desde el **17 de enero de 2013**.

Así las cosas, el 2 de junio de 2023, el señor Torres presentó una *Solicitud de Remedio Administrativo*.[4] Alegó que, no estaba de acuerdo con el tiempo que establecieron en su *Hoja Control de Liquidación de Sentencia* al computar el término mínimo para cualificar para la Junta de Libertad Bajo Palabra, el cual sería desde el **21 de septiembre de 2028**. Esbozó que debió ser desde la fecha que fue dictada la *Sentencia*, entiéndase el **17 de enero de 2013**, y no desde el **21 de marzo de 2022**. Por lo tanto, solicitó fuera corregida su hoja de liquidación de sentencia.

El 27 de junio de 2023 la DRA emitió una *Respuesta al Miembro de la Población Correccional* en la que le expresaron lo siguiente:[5]

> Por este medio se le informa al confinado que las instrucciones de Ley 85, nos recalca que no se puede computar la Sentencias restantes que cumplirá hacia el tiempo que cumplió la Sentencia de 10 años por el Art. 5.04 LA, esta Sentencia fue eliminada de la nota de Liquidación, según petición de los confinados que no querían ver en sus hojas de liquidación sentencias ya cumplidas. Estamos cónsonos con la instrucciones impartidas por Nivel Central.

En desacuerdo, el 13 de julio de 2023, el recurrente presentó una *Solicitud de Reconsideración*, la cual fue recibida por el oficial Beltrán.[6] En su escrito, expresó que no estaba de acuerdo con la respuesta recibida, puesto que, iba en contra de las disposiciones de la Ley Núm. 85-2022. Arguyó que, la pena más alta que le fue

---

[4] *Solicitud de Remedio Administrativo*, anejo V, págs. 6-7 del apéndice del recurso.
[5] *Respuesta al Miembro de la Población Correccional,* anejos VI-VII, págs. 8-9 del apéndice del recurso.
[6] *Solicitud de Reconsideración*, anejo VIII, pág. 10-11 del apéndice del recurso.

impuesta fue de 25 años por infracción al Artículo 106 del Código Penal, por lo que, ese sería el término que deben computar para disponer el mínimo jurisdiccional y poder cualificar para la Junta de Libertad Bajo Palabra.

No obstante, transcurrió el término para que el Departamento acogiera la moción, así las cosas, el 25 de agosto de 2023, el señor Torres acudió ante nosotros mediante *Petición de Revisión Administrativa* y formuló el siguiente señalamiento de error:

> ERRÓ EL DEPARTAMENTO DE CORRECCIÓN EN LA INTERPRETACIÓN Y APLICACIÓN DE LA LEY 85-2022 AL COMPUTAR EL MÍNIMO DE SENTENCIA DEL RECURRENTE A PARTIR DE LA FECHA EN QUE EXTINGUIÓ SU PRIMERA SENTENCIA EN LUGAR DE LA FECHA EN LA QUE EMPEZÓ A CUMPLIR SENTENCIA (EAC), FUE ENCARCELADO.

Por su parte, el 28 de septiembre de 2023, el Departamento compareció ante este Foro, por conducto de la Oficina del Procurador General, mediante un *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación*. De inicio, manifestaron que no tienen evidencia en el expediente administrativo sobre la presentación de una *Solicitud de Reconsideración* por parte del recurrente, por lo tanto, el recurrente había presentado el recurso de forma tardía. No obstante, añadieron que de tomar en consideración el recurso, expresaron que, la Ley Núm. 85-2022 no dispone desde cuando es que se debe comenzar a computar el mínimo de la *Sentencia* más larga. Por lo tanto, sostienen que aplicaron correctamente las disposiciones del precitado estatuto.

El 5 de octubre de 2023, el recurrente presentó *Escrito de Réplica Urgente en Oposición a la Desestimación*. Arguye que, la Ley Núm. 85-2022 expresamente dispone que la persona convicta tiene

derecho a cualificar para libertad bajo palabra al cumplir con el término concerniente a la pena mayor recibida por alguno de los delitos cometidos. A su vez, esboza que dicho estatuto prevalecerá sobre cualquier otra disposición de Ley que no estuviera en armonía con lo establecido. Por consiguiente, manifiesta que la hoja de liquidación de sentencia es errónea, y procedería se ordene su revisión y corrección.

Con el beneficio de la comparecencia escrita de las partes involucradas en este caso, procedemos a disponer de las cuestiones planteadas en el recurso de epígrafe.

**II.**

La Junta de Libertad Bajo Palabra fue creada bajo la aprobación de la Ley Núm. 118 de 22 de julio de 1974 (Ley Núm. 118-1974), 4 LPRA sec. 1501 *et seq.*, está autorizada a "decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico […]". Art. 3 de la Ley Núm. 118-1974, 4 LPRA sec. 1503. Ese organismo tiene la autoridad de conceder a cualquier persona recluida en una institución correccional de Puerto Rico el privilegio de cumplir la última parte de su condena en libertad bajo palabra. *Benítez Nieves v. ELA et al.*, 202 DPR 818 (2019).

Los beneficios de sentencia suspendida o libertad bajo palabra no son un derecho que pueda reclamarse, sino un privilegio legislativo cuya concesión y administración se confía al Tribunal o a la Junta de Libertad bajo Palabra, respectivamente. *Pueblo v. Negrón Caldero*, 157 DPR 413, 420 (2002). Ambos privilegios son medidas penológicas que disfrutan los convictos como parte de su tratamiento de rehabilitación

y se considera que mientras disfrutan de estos privilegios están técnicamente en reclusión. *Íd*.

La Ley 85 de 11 de octubre de 2022, enmendó el Artículo 3 de la Ley Junta de Libertad Bajo Palabra, 4 LPRA sec. 1503. Así también, enmendó el Artículo 308 de la Ley Núm. 146-2012, conocida como Código Penal de Puerto Rico, 33 LPRA sec. 5416. Ello con el fin de establecer los términos para cualificar para la consideración de la Junta de Libertad Bajo Palabra.

Con la medida se busca "establecer una manera justa, retributiva y rehabilitadora, que le permita a aquella persona convicta por varios delitos el poder ser considerada para libertad bajo palabra al cumplir con los términos de la sentencia más onerosa relacionada directamente con alguno de los delitos por los cuales fue encontrado culpable". *Exposición de Motivos* de la Ley Núm. 85-2022.

En específico, la Sección 1 de la Ley Núm. 85-2022 enmendó el Artículo 308 del Código Penal, *ante*, que ahora establece lo siguiente:

> Artículo 308. – Términos para cualificar para consideración de la Junta de Libertad bajo Palabra.
>
> Toda persona convicta bajo las disposiciones de este Código podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra al cumplir el setenta y cinco por ciento (75%) del término de reclusión impuesto. Este cómputo nunca excederá de quince (15) años cuando se trate de un adulto o de cinco (5) años cuando se trate de un menor sentenciado y procesado como adulto en delitos para los cuales al realizarse el cómputo jurisdiccional para cualificar ante la consideración de la Junta de Libertad Bajo Palabra este sea mayor a lo requerido para delitos con pena fija señalada en el tipo de cincuenta (50) años.
>
> En delitos graves cuyo término de reclusión señalada en el tipo sea de cincuenta (50)

años, la persona podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra al cumplir quince (15) años de su sentencia o cinco (5) años si se trata de un menor de edad procesado y sentenciado como adulto.

[…]

En aquellos procesos judiciales en que se encuentre al acusado culpable por más de un delito y se le imponga una sentencia a ser cumplida de manera consecutiva, la persona convicta tendrá derecho a cualificar para libertad bajo palabra al cumplir con el término concerniente a la pena mayor recibida por alguno de los delitos cometidos. Cuando más de uno de los delitos cometidos conlleve la misma pena, la persona convicta cualificará para el beneficio de libertad bajo palabra con el mero hecho de haber cumplido con el término de una de ellas. Lo dispuesto en este párrafo será de aplicabilidad, independientemente si la Ley en virtud de la cual resulta convicto, sea una Ley Penal Especial.

Asimismo, la Sección 2 de la Ley Núm. 85-2022 enmendó el Artículo 3 la Ley Núm. 118 de 22 de julio de 1974, conocida como Ley de la Junta de Libertad Bajo Palabra para que lea de la siguiente forma:

Artículo 3. – Autoridades, deberes y poderes de la Junta de Libertad Bajo Palabra tendrá la siguiente autoridad, poderes y deberes:

[…]

(6) En aquellos procesos judiciales en que se encuentre al acusado culpable por más de un delito y se le imponga una sentencia a ser cumplida de manera consecutiva, la persona convicta tendrá derecho a cualificar para libertad bajo palabra al cumplir con el término concerniente a la pena mayor recibida por alguno de los delitos cometidos. Cuando más de uno de los delitos cometidos conlleve la misma pena, la persona convicta cualificará para el beneficio de libertad bajo palabra con el mero hecho de haber cumplido con el término de una de ellas. Lo dispuesto en este párrafo será de aplicabilidad, independientemente si la Ley en virtud de la cual resulta convicto, sea una Ley Penal Especial.

[…]

A su vez, la Sección 3 de la Ley Núm. 85-2022 establece lo siguiente:

Esta Ley aplicará de manera retroactiva, independientemente del Código Penal o Ley Penal Especial vigente al momento de los hechos delictivos, siempre y cuando resulte favorable para la persona condenada. Las cláusulas de prohibiciones absolutas de libertad bajo palabra en los delitos de leyes penales especiales no serán aplicables al caso de menores juzgados y sentenciados como adultos cuando contravengan lo aquí establecido.

Por último, la Sección 4 de la Ley Núm. 85-2022 indica que "[l]as disposiciones de esta Ley prevalecerán sobre cualquier otra disposición de ley que no estuviere en armonía con lo aquí establecido".

El 11 de octubre de 2023, la Secretaria Auxiliar de Programas y Servicios del Departamento de Corrección y Rehabilitación, emitió la Carta Circular Núm. 2023-02,[7] con el fin de establecer el procedimiento a seguir para el cumplimiento de la Ley Núm. 85-2022. En la carta indicó lo siguiente:

Según dispone la mencionada Ley Núm. 85 y los numerosos adiestramientos impartidos, los empleados pertenecientes a la Sección de Récord deben estar llevando a cabo el siguiente procedimiento:

1. Verificarán todos los expedientes criminales de toda la población correccional.

2. Evaluarán el documento titulado "Hoja de Control sobre Liquidación de Sentencias." De observar más de un término computado, identificarán la sentencia base mayor.

3. Tomarán en cuenta las sentencias de manera individual. Las sentencias que son consecutivas no deberán estar consolidadas en la nueva revisión. De estar consolidadas, el resultado conllevaría a identificar una pena mayor que no

---

[7] Carta Circular Núm. 2023-02, anejo I, págs. 1-4 en la *Moción Informativa Urgente en Solicitud se tome Conocimiento Judicia*l.

necesariamente sea la correcta para el cómputo final a los fines requeridos por la ley.

4. Los nuevos cómputos se harán en una nueva "Hoja de Control sobre Liquidación de Sentencia", la cual se identificará como una "Reliquidación".

5. Si la pena mayor resultara ser de un hecho ocurrido estando en una alternativa de reclusión, el término en el que comenzará a cumplir el mínimo de esa pena mayor se computará a partir del cumplimiento del remanente de la pena revocada.

6. En virtud de lo anterior, en la nueva "Hoja de Control sobre Liquidación de Sentencia", identificarán la pena mayor y se observará el mínimo de esa sentencia. En el caso de que el mínimo sea mayor de 15 años, se atemperará a 15 años, salvo en los casos sentenciados por asesinato en primer grado, que el mínimo será de 25 años naturales, en adultos y 10 años naturales en menores juzgados como adultos.

7. Computarán en primer orden la pena mayor con el mínimo. Cuando el mínimo de la pena mayor sea menor de 15 años, no se efectuará cómputo adicional. Solo se pondrá en primer orden.

8. Adjudicarán las bonificaciones adicionales al nuevo cómputo en el máximo y en el mínimo, exceptuando los casos de asesinato en primer grado, que solo bonifican en el máximo.

9. Si el delito de la pena mayor (primer orden) excluye las bonificaciones adicionales, no podrán ser acreditadas, aunque el confinado tenga tiempo adjudicado por concepto de trabajo y/o estudios.

10. Computarán los demás términos de las sentencias consecutivas en el mismo orden de la hoja de liquidación anterior y no se computarán mínimos adicionales.

11. Se considerará y documentará solamente un mínimo, el cual responderá a la pena mayor.

12. Los delitos cumplidos en su totalidad permanecerán en la nueva "Hoja de Control

sobre Liquidación de Sentencias". Por ejemplo, en los casos de asesinato en primer grado cometidos con armas, se computará en primer orden el asesinato en primer grado con el mínimo establecido, beneficiándolo del tiempo en reclusión preventiva. Luego, se incluirán y computarán los demás delitos de la sentencia, incluyendo los de armas.

13. Evidenciarán, además, en la nueva "Hoja de Control sobre Liquidación de Sentencias" lo siguiente:
- Casos pendientes
- Detainer
- Warrant
- Pena Especial

14. Se identificará en el registro de control (libro del área socio penal) cada uno de los casos reliquidados. Además, se indicará la fecha del cumplimiento del mínimo, con el fin de tener de manera accesible la información.

15. Se documentará en el expediente criminal todo el proceso aquí expresado, realizando las anotaciones correspondientes del ejercicio reliquidado en el orden de los delitos que se adjudicaron, o que ya contenía sus mínimos cumplidos con anterioridad.

16. Una vez el empleado de la Sección de Récord culmine el proceso descrito, referirá la nueva "Hoja de Control sobre Liquidación de Sentencias" a la Unidad de Servicios Socio Penales, para las acciones y los referidos correspondientes, según nuestras leyes y reglamentos.

17. Todos los confinados serán orientados sobre este procedimiento.

**III.**

El señor Torres manifiesta que la *Hoja Control Sobre Liquidación de Sentencia* que recibió el **21 de marzo de 2023**, establecieron que su término mínimo para ser considerado para libertad bajo palabra era el **21 de septiembre de 2028**. Sin embargo, alega debe ser al **21 de septiembre de 2023**, puesto que, la fecha en que comenzó a cumplir la sentencia fue desde el **17 de enero**

**de 2013.** Como consecuencia, esboza que en la última *Hoja Control Sobre Liquidación de Sentencia* fue eliminado un cómputo de aproximadamente 10 años, lo cuales cumplió, por lo que, la agencia recurrida aplicó de manera errónea la Ley Núm. 85-2022.

Por su parte, el Departamento esboza que desde el 2008 habían emitido unas instrucciones sobre cómo se realizaría el computo de las sentencias por Ley de Armas. En síntesis, argumentan que, en los casos donde hay una sentencia por varios delitos y entre ellos una convicción a la Ley de Armas, se deberá liquidar dichas sentencias al inicio del cómputo de la sentencia, como realizaron en el caso del recurrente. A su vez, alegan que la Ley Núm. 85-2022 nada dispone sobre cuando se comienza a computar el mínimo de la sentencia más larga.

Por consiguiente, la agencia recurrida aludió que la controversia de derecho en este caso se centra en el inicio del periodo de quince (15) años para que el señor Torres sea elegible al privilegio de libertad bajo palabra. Así las cosas, indicaron que, en primer orden, al recurrente le estaban liquidando la sentencia de diez (10) años que le fue impuesta por infracción al Artículo 5.04 de la Ley Núm. 404-2000, en segundo orden, los dos casos sobre Artículo 5.15 de la Ley Núm. 404-2000, y en tercer y cuarto orden, las sentencias impuestas por infracción a los Artículos 106 y 249 del Código Penal de 2004.

Conforme a lo antes reseñado, manifestaron que la hoja de liquidación de sentencia del **21 de marzo de 2023**, el recurrente había extinguido en su totalidad la sentencia por el Artículo 5.04 de la Ley de Armas, puesto que, el máximo de sentencia lo cumplió el **21 de marzo de**

**2022**. Así las cosas, antes de que le aplicaran la Ley Núm. 85-2022, el recurrente se encontraba cumpliendo las sentencias por el Artículo 5.15 de la Ley Núm. 404-2000, por razón en que fueron impuestas las penas.

Según surge del expediente, el 17 de enero de 2013 el señor Torres fue sentenciado a cumplir de forma consecutiva cuarenta y ocho (48) años de prisión. Mientras el recurrente cumplía su *Sentencia*, entró en vigor la Ley Núm. 85-2022, del cual el estatuto dispone:

> (5) En aquellos procesos judiciales en que se encuentre al acusado culpable por más de un delito y se le imponga una sentencia a ser cumplida de manera consecutiva, la persona convicta tendrá derecho a cualificar para libertad bajo palabra al cumplir con el término concerniente a la pena mayor recibida por alguno de los delitos cometidos. Cuando más de uno de los delitos cometidos conlleve la misma pena, la persona convicta cualificará para el beneficio de libertad bajo palabra con el mero hecho de haber cumplido con el término de una de ellas. **Lo dispuesto en este párrafo será de aplicabilidad, independientemente si la Ley en virtud de la cual resulta convicto, sea una Ley Penal Especial.** (Énfasis suplido).

Así las cosas, el Departamento de Corrección el **4 de diciembre de 2020** emitió una *Hoja de Control sobre Liquidación de Sentencias*. En la cual evaluó primeramente la sentencia de diez (10) años, que era la más larga por infracción a la Ley de Armas, y determinó que el cómputo mínimo era para el **14 de noviembre de 2035**, luego de aplicadas las bonificaciones y la preventiva.

Posteriormente, el **21 de marzo de 2023**, realizaron un nuevo cómputo en la *Hoja de Control sobre Liquidación de Sentencias* a los fines de aplicar la Ley Núm. 85-2022. En esta eliminaron la sentencia por infracción al Artículo 5.04 de la Ley de Armas, y computaron como fecha

de cumplimiento mínimo siendo el **21 de septiembre de 2028**, conforme a que el término a computar el mínimo comenzó a transcurrir luego de cumplir con la sentencia bajo el Artículo 5.04 de la Ley de Armas. Por no estar de acuerdo con este nuevo cómputo el recurrente acudió ante nosotros.

Estando pendiente el recurso ante nuestra consideración, el **11 de octubre de 2023**, la Secretaría Auxiliar de Programas y Servicios de la agencia recurrida, emitió la Carta Circular Núm. 2023-02, en la que aclaró que los delitos cumplidos en su totalidad permanecerán en la Hoja de Control sobre Liquidación de Sentencias. Como a su vez, dispuso que se deberá identificar la pena mayor y se observará el mínimo de esa sentencia. Con relación a esta Carta Circular, la Oficina del Procurador General nos indicó: "…entendemos que lo correcto en derecho es que este Insigne Foro devuelva el caso a la agencia para que proceda de conformidad a sus nuevas instrucciones".

Por consiguiente, al estar en controversia la *Hoja Control Sobre Liquidación de Sentencia* del señor Torres, concluimos que el Departamento de Corrección deberá reevaluar el caso de epígrafe a tenor con la Ley Núm. 85-2022, y la Carta Circular del 18 de octubre de 2023, para computar la fecha estimada de elegibilidad para cualificar para el privilegio de libertad bajo palabra.

Así, y en consideración a lo antes mencionado, procede revocar el dictamen revisado y, en consecuencia, ordenar la devolución al Departamento de Corrección para que actúe de conformidad con lo aquí dispuesto.

**IV.**

Por los fundamentos antes expuestos, **REVOCAMOS** el dictamen recurrido y devolvemos el caso al Departamento de Corrección para que revise nuevamente la *Hoja de Control sobre Liquidación de Sentencias* del recurrente.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones